IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-64,766-02




EX PARTE DAVID CARL SMITH, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 10161JD IN THE 1ST DISTRICT COURT
FROM JASPER COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
with a deadly weapon and sentenced to ten years’ imprisonment. The Ninth Court of Appeals
affirmed his conviction. Smith v. State, No. 09-07-368-CR (Tex. App.–Beaumont, Oct. 8, 2008, pet.
ref’d.) (not designated for publication). 
            Applicant contends that his plea was rendered involuntary by counsel’s ineffectiveness and
by the impossibility of performance of his plea agreement. Applicant initially pleaded guilty for six
years’ deferred adjudication community supervision. He was sent to a Substance Abuse Felony
Punishment Facility (SAFPF) as a condition of supervision and, according to the habeas record, was
“psychologically discharged” after being diagnosed with intermittent explosive disorder. Applicant
was adjudicated guilty and sentenced to ten years’ imprisonment based on his failure to complete
SAFPF as a condition of supervision. Applicant alleges that participation in SAFPF was part of his
plea agreement and that he was “statutorily ineligible” for participation in SAFPF due to his mental
health problems. At the adjudication hearing, Applicant testified that he had been diagnosed with
the disorder on three separate occasions before being sent to SAFPF. A psychologist from a SAFPF
facility also testified that Applicant had received several mental health diagnoses before he was sent
to SAFPF, stating that there was a “whole litany” of diagnoses in his file. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from trial counsel addressing Applicant’s claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
             The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claims that his plea was involuntary due to the impossibility of performance and due to the
ineffective assistance of counsel. The trial court shall make specific findings of fact as to whether
Applicant was “statutorily ineligible” for SAFPF. The trial court shall also make specific findings
of fact as to whether participation in SAFPF was an affirmative part of the plea bargain, and if so,
whether performance of the plea agreement was impossible due to Applicant’s mental health.
Additionally, the trial court shall make specific findings of fact as to whether trial counsel
investigated Applicant’s eligibility for SAFPF or was otherwise on notice that Applicant had mental
health problems that would make him unsuitable for SAFPF. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 31, 2010
Do not publish